**FILED**
**JANUARY 24, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 545**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALVIN DOPPELT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WALGREEN COMPANY, | ) |
| | ) |
| Defendant. | ) |

**JUDGE SHADUR**
**MAGISTRATE JUDGE COLE**

**COMPLAINT-CLASS ACTION**

Plaintiff complains of defendant, stating:

**INTRODUCTION**

1. Plaintiff brings this action to secure redress for the violation by defendant of the Fair Credit Reporting Act ("FRCA"), as amended by the Fair and Accurate Credit Transactions Act ("FACTA").

2. One provision of the FACTA, codified as part of FCRA, 12 U.S.C. §1681c(g)(1), provides in pertinent part that:

   …no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

3. The law gave merchants who accept credit cards or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later that December 3, 2006. Defendant has willfully violated this law and failed to protect plaintiff, and others similarly situated, against theft, credit card fraud and debit card fraud by continuing to print more than the last five digits of the card number, or the expiration

date, or both, on receipts provided to debit card and credit card cardholders transacting business with defendant.

4. Plaintiff brings this action against defendant based on defendant's violation of 15 U.S.C. §§1681 *et seq*. Plaintiff seeks statutory damages, attorney's fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 15 U.S.C. §1681p, 28 U.S.C. §1331, and 28 U.S.C. §1367.

6. Venue in this district is proper because defendant does business here.

## PARTIES

7. Plaintiff is a natural person.

8. Defendant is a corporation that does business in Illinois and other jurisdictions. On information and belief, defendant is the nation's largest drugstore chain, with operations in 49 states and Puerto Rico. Defendant's corporate headquarters are located in Deerfield, Illinois, within this district.

9. Defendant is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of the FACTA amendments to FCRA.

## FACTS

10. On October 15, 2007, at one of defendant's stores, located in Coconut Creek, Florida, plaintiff received from defendant an electronically generated receipt which displayed plaintiff's credit card expiration date and 10 of the 16 digits in his card number.

11. On October 27, 2007, at one of defendant's stores, located in Coral Springs, Florida, plaintiff received from defendant an electronically generated receipt which displayed plaintiff's credit card expiration date and 10 of the 16 digits in his card number.

12. On information and belief, it is possible for thieves to replicate a credit card number using the expiration date and the last four digits of the card number, or using more than the last four digits of the card number.

## CLASS ALLEGATIONS

13. Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P.23(a) and 23(b)(3).

14. This class is defined as all persons to whom defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit or debit card, and/or (b) the expiration date of the person's credit or debit card.

15. The class is so numerous that joinder of all individual members in one action would be impracticable.

16. On information and belief there are over 100 persons to whom defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

17. Plaintiff's claims are typical of the claims of the class members.  All are based on the same legal theories and arise from the same unlawful and willful conduct.

18. There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members.  These include the following:

        a.    Whether defendant had a practice of providing customers with a sales or transaction receipt on which defendant printed more than the last five digits of the credit or debit card or the expiration date of the credit card or debit card;

        b.    Whether defendant thereby violated FACTA and FCRA;

        c.    Whether defendant thereby intruded on the privacy of plaintiff and the class members, and

        d.    Whether defendant's conduct was willful.

19.    Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained experienced counsel.

20.    A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

## CAUSES OF ACTION ALLEGED

### Count I

### FACTA/FCRA Violation

21.    Defendant violated 15 U.S.C. §1681c(g)(1), which provides in pertinent part that:

…no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

22.    With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

23. With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or before December 4, 2006.

24. Defendant accepts credit cards and/or debit cards in the course of transacting business with persons such as plaintiff and the class members. In transacting such business, defendant uses machines or devices that electronically print receipts for credit card and/or debit card transactions.

25. After the effective date of the statute, defendant, at the point of sale or transaction, provided plaintiff and each class member with one or more electronically printed receipts on each of which defendant printed more than the last five digits of the credit card or debit card number and/or printed the expiration date of the credit and/or debit card.

26. FACTA was enacted in 2003 and gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

27. On information and belief, defendant knew of the requirement concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates.

28. On information and belief, the card-issuing organizations VISA, MasterCard, and American Express informed defendant about the requirement concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates.

29. The card-issuing organizations required compliance with FACTA by contract, in advance of FACTA's mandatory compliance date.

30. By way of example, the August 12, 2006 edition of "Rules for VISA Members", which is distributed to and is binding upon all merchants that accept VISA cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not be printed at all." (p. 62). These statements were accompanied by a picture of a receipt showing precisely what had to be removed.

31. VISA required complete compliance by July 1, 2006, months before the statutory deadline.

32. Defendant accepts VISA cards and is a party to the contract requiring compliance with the above-quoted requirement.

33. In addition, the requirement was widely publicized among retail businesses.

34. Most of defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their credit card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendant could have readily done the same.

35. Defendant willfully disregarded FACTA's and FCRA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA and FCRA.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members, and against defendant, as follows:

    a.    For damages;

    b.    For attorneys fees, litigation expenses and costs; and

c. For such other and further relief as the Court may deem proper.

## Count II

### Invasion of privacy

36. Plaintiff re-alleges ¶¶1-20.

37. Defendant's conduct constitutes an impermissible intrusion upon the privacy of plaintiff and the class members and is offensive.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members, and against defendant, as follows:

a. For damages;

b. For litigation expenses and costs; and

c. For such other and further relief as the Court may deem proper.


Date: January 24, 2008


ALVIN DOPPELT

by: /s/ Jonathan Nachsin

Jonathan Nachsin
Jonathan Nachsin, P.C.
105 West Adams Street
Suite 3000
Chicago, IL 60603
(312) 327-1777
#6191376

Attorney for Plaintiff